## In the Matter of EMIL KATZKA, an Attorney.

Second Department, February 4, 1929.

*Mortimer W. Byers* [*Meier Steinbrink* with him on the brief], for the motion.

*Emil Katzka*, in person, opposed.

LAZANSKY, P. J. A petition has been presented to this court in which the respondent, who was admitted to the bar in 1924, is charged with having given a valuable consideration to four certain persons, who were not attorneys and counselors at law, as an inducement for procuring to be placed in respondent's hands certain claims for personal injuries for the purpose of bringing actions thereon or representing the claimants in pursuit of a civil remedy for the recovery of damages.

The respondent personally appeared in court and frankly admitted the truth of the charges. His admission, coupled with the averments in the affidavit submitted by him, show that he was engaged in "ambulance chasing." This means he employed laymen to procure for him accident cases for settlement or prosecution; that he paid the laymen a share of his fees, salaries or other compensation for procuring the cases and for incidental services in investigation of the facts of the cases procured. There is no proof of any other wrongdoing by the respondent in connection with the claims procured for him. Respondent has done nothing to impede the court's investigation of the so-called "ambulance chasing," but, on the contrary, has been open and frank in his statements of his connection therewith. By his admission respondent acknowledges his violation of subdivision 2 of section 274 of the Penal Law, and of canons 27 and 28 of the Canons of Ethics of the American Bar Association, adopted by the Bar Association of the State of New York.

Respondent does not seek to justify his conduct. In extenuation he urges that, before he was admitted to the bar and while he was serving his clerkship, he lived in an atmosphere of ambulance chasing; and as soon as he was admitted to the bar he began "negligence case" practice, and soon found himself with the usual attendant outfit. He knew the practice was unlawful, must have known that the courts condemned it, but observed that nevertheless it was going ahead at full speed and radical steps were not taken to bring it to an end. Respondent, with full knowledge of the law and of the Canons of Ethics of the Bar, has openly and notoriously violated them. However, it would be unjust to him to be blind to the state of affairs of the bar for the four years during which he has been a member of it, and to the fact that his derelictions were in part induced by the continuance of the practice despite the warning of the court — matters elsewhere referred to by this court. In light of these circumstances, and bearing in mind the youth of the respondent, his frankness in acknowledging his shortcomings, and the fact that no other wrongdoing in connection with his practice is charged against him, it has been determined by the court that a suspension for two years will meet the requirements of the situation and fairly serve the ends of justice.

Unless the public has complete confidence in the bar, the efficacy of its service must be seriously impaired. An attorney and counselor at law is an officer of the court, independent in function, but an adjunct of importance. By honorable service he should uphold the dignity and power of that vitally important branch of our Government. Unless he serves with fidelity and integrity those

whom he represents, he not only hurts the reputation of his fellows, but creates a doubt in the integrity of the courts. Both courts and their officers should be above suspicion. To place self-interest before the interest of client, will deny justice to the client. This " business of ambulance chasing " makes it generally impossible for an attorney to give honorable service to clients and courts. It must come to an end. That the court has not visited the extreme penalty upon the respondent must not be taken as an indication of similar consideration in like cases arising in the future. While every case must be judged on its own facts, it may be taken as a general rule that the lawyer who engages in " ambulance chasing " disqualifies himself from the practice of the law.

The respondent should be suspended from the practice of the law for a period of two years.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and SCUDDER, JJ.

Respondent suspended from the practice of the law for a period of two years.